**Xing LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,[1] Respondent.**

**No. 04–40491–AG.**

United States Court of Appeals, Second Circuit.

March 16, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Gary Yerman, (David X. Feng, on the brief) New York, NY, for Petitioner.

Heather Phillips, Assistant United States Attorney, (Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Assistant United States Attorney, on the brief) Washington, DC, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.

Petitioner Xing Lin petitions for review of the August 8, 2003 final order of removal of the Board of Immigration Appeals ("BIA") affirming, without opinion, the decision of an immigration judge ("IJ") and denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on appeal.

Where, as here, the BIA issues a short decision that primarily adopts and affirms the IJ's opinion, we review the IJ's decision. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

■ The IJ failed to make an explicit credibility finding as to Lin's testimony in support of his claim. An asylum applicant's credible testimony may be sufficient to carry his burden of proof. *See id.* at 71. Because denying an asylum petition for lack of corroboration without making a credibility finding may deprive an applicant of the benefit of this rule, it was erroneous for the IJ to rely on Lin's failure to provide corroborating evidence to find that Lin had not met his burden of proof. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

■ The IJ further erred in not considering the death of Lin's father following their family's detention in determining whether Lin's treatment amounted to past persecution. *See Cao He Lin v. DOJ*, 428 F.3d 391, 403 (2d Cir.2005). Although the persecution of family members alone may not be sufficient to show that Lin himself was persecuted, it is certainly a relevant factor to be considered, particularly where, as here, there is such a close nexus between Lin's own detention and beating and those of his father. *See Jorge–Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir.2006) (per curiam). Such circumstances may well give rise to a presumption of future persecution. *See Wu Zheng Huang v. INS*, 436 F.3d 89, 94–95 (2d Cir.2006).

We requested the parties submit letter briefs addressing whether the IJ's refusal to admit documents that Lin submitted after the deadline violated the IJ's duty to develop the record or Lin's right to due process. Because we remand for the reasons discussed above, we decline to exercise our discretion to reach this waived issue. *See Mitchell v. Fishbein,* 377 F.3d 157, 164–65 (2d Cir.2004).

Accordingly, Lin's petition for review is GRANTED, the BIA's decision is VACATED for the foregoing reasons, and the case is REMANDED to the BIA for further proceedings consistent with this order.